# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Farmers New World Life Insurance Company, | Case No. 2:24-cv-01596-RFB-DJA |
| Plaintiff, | **Order** |
| v. | |
| Rebecca Soulje, Wanda Willison, and Angela Montgomery, | |
| Defendants. | |

Before the Court is Plaintiff's motion for an extension of time to serve Defendant Rebecca Soulje and to serve her via alternative service. (ECF No. 9). Plaintiff also filed a supplement to the motion. (ECF No. 10). Because the Court finds that Plaintiff has shown good cause for the extension and has demonstrated a proposed alternative service method reasonably calculated to provide Soulje with notice and an opportunity to respond, it grants the motion.

**I.    Legal standard.**

The Constitution does not require any particular means of service of process. *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). It requires only that service "be reasonably calculated to provide notice and an opportunity to respond." *Id.* Service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. A federal court lacks jurisdiction over a defendant unless the defendant has been properly served under Rule 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citation omitted). Rule 4, however, "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Id.* "[W]ithout substantial compliance with Rule 4," "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Id.*

When a case is proceeding in federal court, an individual is served by: (1) following state law for serving the summons in the state where the district court is located or where service is made; (2) delivering the summons and complaint to the individual personally; (3) leaving a copy of summons and complaint at the defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (4) delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e). Service of an individual under Nevada's rules is similar. *See* Nev. R. Civ. P. 4.2(a). And, in Nevada, if a party demonstrates that those service methods are "impracticable, the court may, upon motion and without notice to the person being serviced, direct that service be accomplished through any alternative service method." Nev. R. Civ. P. 4.4(b)(1).

A motion seeking an order for alternative service must provide affidavits, declarations, or other evidence setting forth specific facts demonstrating the due diligence that was undertaken to locate and serve the defendant and the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant. Nev. R. Civ. P. 4.4(b)(2). If the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Nevada Rule of Civil Procedure 4.4(d)[1] and mail a copy of the summons and complaint, as well as any order of the court authorizing the alternative service method, to the defendant's last-known address. Nev. R. Civ. P. 4.4(b)(3). The plaintiff must also provide proof of service under Nevada Rule of Civil Procedure 4(d). Nev. R. Civ. P. 4.4(b)(4).

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m).

---

[1] Nevada Rule of Civil Procedure 4.4(d)(1) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action to the defendant using other methods of notice, including certified mail, telephone, voice message, email, social media, or any other method of communication.

## II.  Discussion.

Here, Plaintiff has demonstrated that alternative service under the Nevada Rules of Civil Procedure is warranted. In its initial motion, Plaintiff seeks alternative service to Soulje's last known email address. (ECF No. 9). In its supplement, Plaintiff also seeks alternative service via text message to her cell phone number and direct message to her Facebook account. (ECF No. 10). Plaintiff has demonstrated that personal service was impracticable by filing a declaration detailing the efforts to which Plaintiff went to locate and contact Soulje. (ECF No. 9-2). Plaintiff has also provided Soulje's last known address, phone number, email addresses, and social media account. (*Id.*); (ECF No. 10). The Court thus grants Plaintiff's motion. The Court also grants Plaintiff's request that the Court extend the time for service. Plaintiff has demonstrated good cause for its failure to serve Plaintiff within the Federal Rule of Civil Procedure 4(m) deadline.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to extend the time for service and to serve Defendant Rebecca Soulje by alternative means (ECF No. 9) is **granted.**

**IT IS FURTHER ORDERED** that the deadline for service is extended to **March 24, 2025.** Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff must attempt service on Soulje by the following methods:

- Service by email of the summons and complaint, along with a copy of this order, to Soulje's email address: soulje87@gmail.com.
- Service by text message of the summons and complaint, along with a copy of this order (to the extent these documents can be sent via text message, and if not, notice of the service via email is appropriate), to Soulje's cell phone number: (720) 957-0657.
- Service by direct message of the summons and complaint, along with a copy of this order (to the extent these documents can be sent via direct message, and if not, notice of the service via email is appropriate), to Soulje's Facebook account: www.facebook.com/RebeccaSoulje/.

- Service by mail of the summons and complaint, along with a copy of this order, to Soulje's last known address.
- Notice of the service by calling Soulje's cell phone number and leaving a message detailing the alternative service authorized by the Court.

DATED: January 23, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE