**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY, | Case No. 2:24-cv-01596-RFB-DJA |
| Plaintiff, | |
| v. | ***AMENDED* ORDER GRANTING JOINT MOTION FOR DEFAULT JUDGMENT AND DISBURSEMENT, DISCHARGE, AND DISMISSAL WITH PREJUDICE** |
| REBECCA SOULJE, *et al.*, | |
| Respondents. | |

Before the Court is Plaintiff Farmer's New World Life Insurance Company's and Defendants Wanda Willison and Angela Montgomery (the "Parties") Joint Motion Default Judgment, and Disbursement, Discharge, and Dismissal with Prejudice (the "Motion") (ECF. 28). The Court hereby enters Findings of Fact and Conclusions of Law and **ORDERS AND ADJUDGES** as follows:

I. **FINDINGS OF FACT**

1.     Farmer's New World Life Insurance Company ("FNWL") is a corporation incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington. Thus, FNWL is a citizen of the State of Washington.

2.     Rebecca Soulje ("Soulje") is a citizen of the State of Colorado.

3.     Angela Montgomery ("Montgomery") is a citizen of the State of Nevada.

4.     Wanda Willison ("Willison") is a citizen of the State of Nevada.

5.     On or about December 7, 2009, Edward Montgomery (the "Decedent") purchased life insurance policy number 009121231 with a face amount of $75,000 from FNWL. See ECF

No. 1 at ¶ 9.[1] The Policy's Application designated Soulje, Decedent's then-spouse, as the 100% primary beneficiary and designated Willison, the Decedent's grandparent, as the 100% contingent beneficiary. See id. at ¶ 8.

6.   On August 18, 2010, the Decedent and Soulje were divorced by Decree of Divorce entered by the District Court of Clark County, Nevada, in case number D-10-433246-Z (the "Divorce Decree"). See id. at ¶ 10. The Divorce Decree made no reference to the Policy. See id. at ¶ 11.

7.   On November 19, 2010, an Amended Decree of Divorce was entered by the District Court of Clark County, Nevada in case number D-10-433246-Z. See id. at ¶ 12. The Amended Decree of Divorce also made no reference to the Policy. See id. at ¶ 13.

8.   The Decedent died on January 26, 2024, and the Policy's death benefit became due and payable to the beneficiary or beneficiaries. See id. at ¶¶ 14-15.

9.   FNWL did not receive any request to change the beneficiaries of the Policy prior to the Decedent's death. See id. at ¶ 16.

10.   FNWL was unable to determine the effect of Nevada's divorce on revocation statute, Nev. Rev. Stat. § 111.781, the Divorce Decrees, and/or the correspondence of the Defendants and the Decedent on Soulje' s status as primary beneficiary of the Policy. See id. at ¶¶ 17-22.

11.   Following the Decedent's death, Willison and Montgomery also asserted claims to the Policy death benefit. See id. at ¶ 25.

12.   On August 28, 2024, FNWL filed its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 against Defendants Soulje, Willison, and Montgomery. See ECF No. 1. FNWL sought interpleader relief related to Defendants' competing claims to the $75,000 death benefit payable under the Policy. See id. at ¶ 10.

---

[1] The factual findings are adopted from the well pleaded allegations of the Complaint, which are accepted as true following the Clerks Entry of Default as to Defendant Soulje. See ECF No. 27; DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007).

13. On January 24, 2025, Soulje executed a Waiver of Service, thus making her response to the Complaint due on March 25, 2025. See ECF No. ECF 12. Soulje never appeared, answered or otherwise responded to the Complaint.

14. On February 20, 2025, Willison filed an Answer to the Complaint, which did not assert any counterclaims against FNWL, but asserted a crossclaim against Soulje. See ECF No. 14.

15. On April 18, 2025, Montgomery filed an Answer to the Complaint, which did not assert any counterclaims against FNWL, but asserted a crossclaim against Soulje. See ECF No. 23.

16. On May 7, 2025, FNWL deposited the Policy's death benefit into the Court's Registry. See ECF No. 24.

17. On May 23, 2025, FNWL filed for Entry of Clerk's Default against Soulje. See ECF No. 26.

18. On June 9, 2025, the Clerk of Court entered default against Soulje. See ECF No. 27.

19. On July 16, 2025, FNWL, Willison, and Montgomery filed the instant Joint Motion for Default Judgement, and Disbursement, Discharge, and Dismissal with Prejudice. See ECF No. 28.

## II.   CONCLUSIONS OF LAW

1. When faced with a motion for default judgment, the district court considers the factors identified in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

2. Here, the Court's review of the Eitel factors demonstrates that entry of default judgment is warranted because: (1) FNWL would be prejudiced by a continued delay in this action; (2) FNWL is a disinterested stakeholder with a good faith belief that it faces a possibility of multiple claims, and has deposited the disputed fund with the Court, as such its claim for interpleader relief is meritorious, see Michelman v. Lincoln Nat'l Life Ins. Co., 685 F.3d 887 (9th Cir. 2012); (3) the well-pleaded allegations of the Complaint establish the necessary elements for

interpleader relief; (4) the Policy death benefit has been deposited in the Court's Registry; (5) there is no dispute the Parties had potential and/or actual competing claims to the Policy death benefit; (6) there is no indication Soulje's default was not due to excusable neglect; and (7) the policy favoring decisions on the merits does not outweigh the other factors.

3.      Furthermore, because of her default, Soulje has waived any claim to the Policy death benefit. See Standard Ins. Co. v. Asuncion, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) ("A named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted if service was properly effected upon them.) (citation omitted). The Court may accordingly, in its discretion, grant default judgment against Soulje where the only remaining claimants demonstrate their entitlement to the funds and do not dispute the respective distributions. See id. (citing Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (appearing claimants must demonstrate entitlement to benefits).

4.      Given the Court's analysis of the Eitel factors and FNWL having established all the requirements for interpleader relief pursuant to 28 U.S.C. § 1335, the Court grants the Motion.

## III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the (ECF No. 28) Motion is **GRANTED**.

**IT IS FURTHER ORDERED** FNWL is **DISCHARGED** from any and all liability to the Defendants and to any person, firm, estate, corporation, or entity on account of or in any way related to FNWL life insurance policy number 009121231 insuring the life of Edward Montgomery and/or related to the handling or processing of any claims made under FNWL life insurance policy number 009121231 insuring the life of Edward Montgomery.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. § 2361, Soulje, Willison, and Montgomery and each of their respective attorneys, representatives, successors, assigns, and heirs are hereby permanently enjoined from instituting or prosecuting against FNWL any separate proceeding in any state or United States Court or administrative tribunal relating to FNWL life

insurance policy number 009121231 insuring the life of Edward Montgomery and/or related to the handling or processing of any claims made under FNWL life insurance policy number 009121231 insuring the life of Edward Montgomery.

That pursuant to the agreement of Defendants Wanda Willison and Angela Montgomery **IT IS FURTHER ORDERED** the Clerk is instructed to **DISBURSE** and mail the Sum on deposit in the Court's Registry and 100% of any accrued interest payable to:

Angela Montgomery
3916 Country Lights Street
Las Vegas, NV 89129

This Order affords full relief as requested by the remaining parties and therefore all claims asserted herein by Willison and Montgomery are hereby **DISMISSED WITH PREJUDICE**.

**The Clerk of Court is instructed to enter judgment accordingly and close the case**.

**DATED:** March 31, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**